UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARON M. OLIVER<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL L. RAMSEY et al.,<br><br>Defendants. | No. 2:19-cv-1782 KJM KJN PS<br><br><br><br>ORDER |

Plaintiff Daron Oliver, who proceeds in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, plaintiff's complaint is handwritten and barely legible. As best the court can tell, plaintiff alleges that District Attorney Michael Ramsey hired Public Defender Robert Marshall who then employed Bobbi Holocraft as an interpreter. Bobbi Holocract, plaintiff alleges, made a false statement regarding plaintiff, which presumably resulted in damages. (See ECF No. 1.)

Plaintiff's complaint, to the extent that it is intelligible, does not allege sufficient facts from which the court can draw a reasonable inference that a constitutional violation of some sort occurred to support a claim under 42 U.S.C. § 1983. Indeed, plaintiff does not even identify a particular constitutional right that was violated.

The Ninth Circuit has held that Section 1983 claims can be brought against social workers who offered perjured testimony. Hardwick v. Cty. of Orange, 844 F.3d 1112 (9th Cir. 2017). Hardwick involved egregious conduct, "well outside of the social workers' legitimate role as quasi-prosecutorial advocates," which precluded the social workers from asserting qualified or absolute immunity. Id. at 1116. While the present case involves an interpreter, not a social worker, presumably similar analysis would apply. However, plaintiff has provided nothing beyond a threadbare assertion that defendant Holocraft "made[] false statement[s] to [a] probation officer and [the] court." Without additional factual assertions plaintiff has not stated a claim for which relief can be granted and it is unclear whether defendants would be entitled to immunity. See 28 U.S.C. § 1915 (instructing courts to dismiss claims that fail to state a claim on which relief can be granted or that seek monetary relief against an immune defendant). Thus, it would appear that plaintiff's complaint would be subject to dismissal.

Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a 42 U.S.C. § 1983 claim, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined in this order, and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

////

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: October 31, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE